LOTTINGER, Judge.
This is a suit by Julia Inez Piclder against William C. Boone on a promissory note in the sum of $398.72 with interest and attorney fees. The principal amount of the demand is the sum of the note, less a credit of $60.00 which has allegedly ■been paid thereon. From judgment in favor of petitioner, the defendant has taken this appeal.
Annexed to the petition is the note dated April 5, 1948, made payable to the order of petitioner in six months after date. *610 Said note is in the principal amount of $398.72, with interest at the rate of eight per cent per annum from date until paid, and 10% being specified as attorney fees in the event suit becomes necessary. The note is signed by “Wm. C. Boone”.
Defendant filed answer alleging that the note has been fully satisfied, by virtue of an act of partition executed on August 25, 1948, between plaintiff and defendant. His answer, and the testimony shows that petitioner and defendant had been in partnership some time prior to this suit. It appears that petitioner and defendant had owned a certain piece of property in in-división. They decided to construct a commercial building on part of said property. It appears that defendant, who had 'been a practicing attorney, gave up his practice in order to supervise construction of the building. For such duties he was to receive the sum of $1.00 per day. Because of his small income, it was necessary for defendant to borrow money to live. The note at issue was for funds borrowed by defendant from petitioner. Some time after completion of the building, certain difficulties arose between petitioner and defendant. They then decided to divide the property, and an act of division was drawn by defendant wherein petitioner was given the improved portion of the property whereon she assumed certain debts owed by the partnership, and the defendant was given the unimproved portion of the property. Among the debts assumed by petitioner was a certain partnership note payable to petitioner in the sum of $2284.00. Shortly after execution of the division, or partition, of property, said noté was given defendant by petitioner. Defendant claims that his personal note, upon which this suit is based, represented part of the agreement, and that by execution of the agreement said note was fully discharged.
The lower court rendered judgment in favor of petitioner in the full amount of her demand. Defendant took this devolu-tive appeal.
The portion of the act of partition wherein petitioner assumed certain obligations of the partnership reads as follows: “Said Inez Pickier guaranteeing all indebtedness against said property growing out of and connected with the Old Hickory Tavern, all which she assumes herself, she getting the property that has improvements thereon, and there being no improvements on the property transferred to Wm. C. Boone, aforesaid, and she promises to pay any and all claims arising, or may arise, against any of said property deeded to Wm. C. Boone, aforesaid, except mortgage placed on said south 110 ft. of said land by Wm. C. Boone said 110 ft. strip running north and south on south side.”
Nowhere in the act of partition is the note herein sued upon mentioned, nor is there any language in the instrument wherein petitioner assumes to discharge defendant from said obligation. Defendant claims, however, the agreement was verbal and that 'he did not believe it necessary to place same in the act of partition.
We disagree with the allegations of defendant, The evidence shows that defendant was an attorney at law, as a matter of fact, he argued his own case in the lower court and before the bar of this court. The evidence further shows that difficulties arose between the parties hereto, and because of the difficulties, they decided to partition the property. We feel certain that if it was the intention of the parties to discharge defendant’s note, some mention of this fact would have been written into the act of partition. The act of partition, filed into evidence, leads us to the belief that certain insertions were made therein subsequent to the preparation of the act. The following wording was inserted into the act in ink: “* * * except mortgage placed on said south 110 ft. of said land by Wm. C. Boone said 110 ft. strip running north and south, on south side.”
We believe that the written instrument of the transaction is the best evidence of the intention of the parties as to what was undertaken by the act of partition. Had the petitioner meant to discharge defendant of his personal note, such fact should have been inserted into the written instrument. Considering the fact that defendant is an attorney at law, and that he drew up the instrument himself, we feel *611 certain that he must have been very careful to protect his interests in the transaction. Certainly he must have mentioned every fact which would work to his advantage. It is, therefore, our 'conclusion that the act of partition did not discharge the personal note of defendant, and that such was not the intention of the parties.
Civil Code, Article 2232 says:
“He who claims the execution of an obligation must prove it.
“On the other hand, he who contends that he is exonerated, must prove the payment or the fact which has produced the extinction of the obligation.”
Therefore, according to the above article, he who claims payment or exoneration must prove same and we think that the defendant in the instant case has failed to prove payment.
Defendant has asked -this court to grant him a new trial. The record does not show that such a motion was filed in the lower court and within the delay as required by the Code of practice. We are, therefore, unable to consider this question.
Defendant has also filed an exception in this court to the plaintiff, suing and standing in judgment because of the fact that she was still married to her husband, Arlie Calvin Crouch, when this judgment was rendered, even though she and her said husband were separated and living separate and apart from each other since 1934. To this exception, we are inclined to believe -that since the defendant in this case dealt with the plaintiff as a feme sole and regarding her as such in their partnership and business transactions and since the note sued upon is made payable to Inez Pickier, the plaintiff herein, and the same party whom he had business transactions with and had formed a partnership with, that he can not now, at this late date, claim benefit and advantage of such a situation. Furthermore, according to Civil Code, Article 2334, the earnings of the wife, when living separate and apart from her husband, although not separated by judgment of court, her earnings when carrying on a business, trade, occupation or industry separate from her husband are her separate property. For these reasons, we do not believe the exception has merit.
Therefore, for the reasons hereinabove assigned, the judgment of the lower court is affirmed, all costs to be paid by defendant.
Judgment affirmed.