COVINGTON, Judge.
After a thorough review and evaluation of the record, we are convinced that the evidence supports the facts found and the reasons assigned by the trial judge. Accordingly, we adopt his written reasons for judgment as our own and attach a copy as Appendix A, and affirm the judgment appealed from at appellant’s costs.
AFFIRMED.
REASONS FOR JUDGMENT
This matter is a dispute between Linda Trahan Whipple’s divorce from her former husband, Keith M. Whipple. Mr. Whipple is a very reputable attorney in Terrebonne Parish. His former wife, Linda was his secretary before marriage and for a short time after marriage.
The evidence shows that Mrs. Whipple had acquired a parcel of property in the Bayou Blue area before her marriage to Mr. Whipple. After their marriage, Mrs. Whipple sold this property, loaned the proceeds from this sale, the sum of ELEVEN THOUSAND & no/100 ($11,000.00) DOLLARS to her husband, Keith Whipple. Mr. Whipple, in exchange, gave Mrs. Whipple a note, properly filed of record, for the full sum of ELEVEN THOUSAND & no/100 ($11,-000.00) DOLLARS. Mrs. Whipple testified that this note has remained in her possession at all times since the note was confect-ed. The note was kept in a safety deposit box in the Terrebonne Bank & Trust Company. She alone had the authority to enter the safety deposit box.
Subsequently, and after divorce, a community property settlement was entered into. Whether a community existed is questionable because the parties had entered into a pre-marital contract. However, at the time of divorce, a settlement of properties occurred wherein Mr. Whipple gave his former wife a note in the full sum of THREE THOUSAND FIVE HUNDRED & no/100 ($3,500.00) DOLLARS, conditioned to bear interest from February 18, 1977, until paid, together with reasonable attorney’s fees. No payments were made on either notes.
Defendant contends that the property settlement discharges his obligations under the ELEVEN THOUSAND & no/100 ($11,-000.00) DOLLAR note in that she relinquished all rights, title and interest:
“(3) ... in and to all accounts with him and all banks and other financial institutions, as well as the contents of all bank boxes located in any and all banks and other financial institutions.”
*230 Plaintiff cites to the court the case, Pickier v. Boone 56 So.2d 609 (La.App. 1st Cir. 1952). In Pickier, the defendant, an attorney, gave the plaintiff a promissory note in the sum of $398.72, with interest and attorneys fees. The plaintiff and the defendant owned some commercial property together. Plaintiff decided to relinquish his law practice to supervise the construction of a building on the property owned between him and defendant.
Because the plaintiff had very little income, he borrowed the sum of $398.72 from the defendant for which he gave his note, the obligation sued upon. Some difficulties arose between the plaintiff and the defendant and a partition of their assets was accomplished. Defendant insists that his note in the sum of $398.72 was discharged by the tenents (provisions) of the partition agreement. However, nowhere in the act of partition is the note herein sued upon mentioned, nor was there any language in the instrument wherein petitioner assumes to discharge defendant from said obligation.
The court stated:
“The evidence shows that defendant was an attorney at law ... we feel certain that if it was the intention of the parties to discharge defendant’s note, some mention of this fact would have been written into the act of partition ... We believe that the written instrument of the transaction is the best evidence of the intention of the parties as to what was undertaken by the act of partition. Had the petitioner meant to discharge defendant of his personal note, such fact should have been inserted into the written instrument. Considering the fact that the defendant is an attorney at law, and that he drew up the instrument himself, we feel certain that he must have been very careful to protect his interests in the transaction. Certainly he must have mentioned every fact which would work to his advantage. It is therefore, our conclusion that the act of partition did not discharge the personal note of defendant, and that such was not the intention of the parties.”
Civil Code, Article 2232 quotes as follows:
“He who claims the execution of an obligation must prove it.
On the other hand, he who contends that he is exonerated, must prove the payment or the fact which has produced the extinction of the obligation.”
This court is of the opinion that Pickier, is applicable to the facts of the instant case. Mr. Whipple drew the instrument purporting to be a property settlement between the plaintiff, Linda Trahan Whipple, his former wife and himself, the defendant. Mr. Whipple is a most astutute (sic) and knowl-edgable attorney with many years of experience in the field of family law. Certainly, Mr. Whipple would have included the $11,-000. note in the agreement to his advantage if such was the intention of the parties.
Linda Trahan Whipple was represented at all times by competent attorneys. This court feels that Mrs. Whipple’s attorneys would have known if at any time the discharge of the $11,000.00 note was contemplated by the parties. Mrs. Whipple’s attorney took the witness stand and verbalized that he knew nothing beyond the contents of the instrument.
This court is of the opinion that the defendant has failed to prove the discharge of the note. The plaintiff is then entitled to have judgment on both notes.